UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROBERTA D. HELMERICK,<br><br>                        Defendant. | CR. 15-50109-JLV<br><br><br>ORDER |

## INTRODUCTION

Defendant Roberta Helmerick timely filed an appeal from a decision of United States Magistrate Judge Daneta Wollmann.  (Docket 1).  See 18 U.S.C. §§ 3402 & 3742(e) & (h).   Ms. Helmerick appeals from the judgment in her criminal case for a petty offense entered by Magistrate Judge Daneta Wollmann in which the magistrate judge found Ms. Helmerick guilty of collecting signatures in violation of 39 CFR § 232.1(h)(1).   (Docket 1-1).   The magistrate judge imposed a fine of $200 and processing fees of $25 for a total of $225.   Id. at p. 1. "Upon review of the record, the [district court] shall determine whether the sentence . . . was imposed in violation of law . . . ."   18 U.S.C. § 3742(e).

The sole ground for Ms. Helmerick's appeal pursuant to Fed. R. Crim. P. 58(g)(2)(B) is that the magistrate judge erred in denying her Fed. R. Crim. P. 29 motion for judgment of acquittal.   (Docket 1).   Within the Rule 29 motion, Ms. Helmerick's only claim is "[t]he Government did not meet its burden because it

was unable to prove an essential element of the case, that 39 CFR § 232.1 was posted in a conspicuous place." Id.

For the reasons stated below, defendant's appeal is denied and the judgment of the magistrate judge is affirmed.

## ANALYSIS

In considering a defendant's motion for judgment of acquittal, the court must view the evidence in the light most favorable to the government's evidence, draw all reasonable inferences in the government's favor, and determine if the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). Questions of the weight of the evidence and credibility of witnesses are the province of the trier of fact, in this case, the magistrate judge. United States v. Nolen, 536 F.3d 834 (8th Cir. 2008); United States v. Jones, 600 F.3d 985 (8th Cir. 2010).

"The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(2)(D). The court must "view the evidence in the light most favorable to the guilty verdict and accept all reasonable inferences that may be drawn from the evidence." United States v. Rojas, 356 F.3d 876, 878 (8th Cir. 2004). The court is limited to asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks and citation omitted) (emphasis in original). With this standard in mind, the court finds the

following evidence determinative of Ms. Helmerick's Rule 29 motion and this appeal.

The Code of Federal Regulations prohibits the "collecting [of] signatures on petitions" on property of the United States Postal Service.   39 CFR § 232.1(a) & (h)(1).   The regulation requires that this rule governing conduct on postal property "shall be posted and kept posted at a conspicuous place on all such property."   Id. at 232.1(a).   The exception to the "collecting of signatures" prohibition is that the restriction does not apply to "sidewalks along the street frontage of postal property falling within the property lines of the Postal Service that are not physically distinguishable from adjacent municipal or other public sidewalks, and any paved areas adjacent to such sidewalks that are not physically distinguishable from such sidewalks."   Id. at § 232.1(a)(ii).   This exception is commonly referred to as the Grace exception.[1]

On April 14, 2015, Ms. Helmerick and others were at the Main Branch of the United States Post Office in Rapid City, South Dakota, circulating petitions

---

[1]In United States v. Grace, 461 U.S. 171, 179-80 (1983), the Court held "[t]he sidewalks comprising the outer boundaries of the Court grounds are indistinguishable from any other sidewalks in Washington, D.C., . . . . Traditional public forum property occupies a special position in terms of First Amendment protection and will not lose its historically recognized character for the reason that it abuts government property that has been dedicated to a use other than as a forum for public expression.   Nor may the government transform the character of the property by the expedient of including it within the statutory definition of what might be considered a non-public forum parcel of property. The public sidewalks forming the perimeter of the Supreme Court grounds . . . are public forums and should be treated as such for First Amendment purposes."

for a ballot issue.   During the course of the day Postmaster Lorrie Papka became concerned these individuals were violating § 232.1(h)(1) because they were stopping postal patrons at the front doors of the post office and having patrons sign the petitions directly outside the front doors.   (Docket 5 at p. 127:15-18). After consulting with the legal department, Postmaster Papka told the group "they could not have people signing petitions in front of the . . . post office . . . I told them if you want people to sign your petition, you can tell them in front of the post office that there's someone over on the public sidewalk . . . that's over there and you can go over there and sign it."   Id. at p. 130:2-10.   See also id. at p. 141:15-17 ("they could ask customers if they wanted to go over to the sidewalk and sign a petition, the public sidewalk.").

Sometime on April 14 another postal employee, Sonny Magnuson, gave the group a packet of information which included a sheet received from the postal legal department "outlining that they couldn't be collecting signatures on postal property."[2]   Id. at p. 143:13-15.   Exhibit 5 is a short explanation of the postal regulations applicable to the situation.

> The activities of the petitioners on postal property are prohibited by two postal regulations, which prohibit: (1) conduct that "impedes ingress to or egress from a post office," and (2) "collecting signatures on petitions, polls, or surveys."   (39 C.F.R. Part 231).
>
> The petitioners are welcome to use the public spaces surrounding the post office so long as they do not impede access to, nor interfere

---

[2]Ms. Helmerick was a member of the group to whom the materials were provided, but the packet was not handed directly to her.   (Docket 5 at p. 112:1-9).

with egress from, the post office.   They have not complied with our requests to do this.

Exhibit 5.   As part of the packet, the group was given a copy of Poster 7 which was posted inside the post office.   (Docket 5 at p. 119:22-23; see also Exhibit 102).

Poster 7 contains an explanation of § 232.1 prior to 2010 as it prohibited "solicitation" of signatures.   See Exhibit 102 ("soliciting signatures on petitions, polls, or surveys . . . and impeding entrance to or departure from Post Offices . . . are prohibited on Postal Service property.").   In Initiative and Referendum v. United States Postal Service, 417 F.3d 1299 (D.C. Cir. 2005) ("I&R I"), the court held § 232.1(h)(1) unconstitutional under the First Amendment.   Id. at 1316. In 2010, the regulation was amended to prohibit " 'collecting' signatures, but not 'soliciting' them, on all postal property other than *Grace* sidewalks."   Initiative and Referendum v. United States Postal Service, 685 F.3d 1066, 1069 (D.C. Cir. 2005) ("I&R II") (citing 39 C.F.R. § 232.1(a) & (h)(1) (2010)).   The I&R II court held the amended regulations valid.   Id. at 1074.

At about 10:30 a.m. on Wednesday, April 15, 2015, Rapid City Police Officer Richard Holt was called to the post office to discuss the situation with the individuals handling the petitions.   (Docket 5 at p. 19:7-15).   After a meeting with Postmaster Papka, Officer Holt spoke to the group's apparent leader, Jordan Mason.   Id. at p. 23:8-10.   Officer Holt pulled the federal regulations up on his laptop computer and allowed Mr. Mason to read them.   Id. at p. 23:13-14.

After reviewing the regulations Mr. Mason spoke to the group.   Id. at
p. 23:22-24.   He reported to Officer Holt that everyone intended to stay and
collect signatures in the manner requested, except for Ms. Helmerick who
intended to continue to collect signatures on the property.   Id. at p. 24:2-10.

Officer Holt spoke directly with Ms. Helmerick.   The officer informed her
that "it was fine to talk to people, but if she was to collect signatures to please
leave the property and have the person sign off property."   Id. at pp. 24:24-25:1.
After this explanation, Officer Holt observed that Ms. Helmerick "continued to
stop people coming and going from the . . . post office, impeding them from
conducting business, and collect signatures right there in front of the doors."
Id. at p. 25:3-8.

After the noon hour, Postmaster Papka again spoke with the group,
including Ms. Helmerick.   Id. at p. 131:11-20.   The Postmaster was
accompanied by Mr. Magunson and Rapid City Police Officer Richard Holt.   Id.
at pp. 26:13-20 & 104:2-10.   Postmaster Papka spoke specifically to Ms.
Helmerick "because she's the one that I saw having people sign the petition . . .
right there on the sidewalk right in front of the building."   Id. at p. 134:2-4.
Postmaster Papka "told [Ms. Helmerick] that she couldn't be having people sign
that petition right in front of the post office and that we've asked her not to do

6

that and . . . if she doesn't quit doing that she could be arrested for that."[3]   Id. at p. 134:7-13.   Ms. Helmerick's response was that "[s]he wasn't going to quit." Id. at p. 134:14-15.   After this interaction, Ms. Helmerick continued to collect signatures on post office property.   (Docket 5 at p. 148:16-19).

Later that afternoon, Postmaster Papka had a second conversation with Ms. Helmerick.   Ms. Helmerick was "told . . . she can't be [t]here, that she can't have people signing the petitions right in front of the post office here and [Postmaster Papka] asked her if she would please leave."   Id. at p. 136:9-12. Again, Ms. Helmerick "refused to leave and said she was going to stay there."   Id. at p. 136:14-15.   Ms. Helmerick was arrested.

Ms. Helmerick asserts the magistrate judge should have granted her Rule 29 motion.   (Docket 10 at p. 12).   She argues "[t]he wording of the regulation is clear.   In order to apply, 39 CFR § 232.1 shall be posted; it was not.   The notice exception to the mandatory posting requirement has not been met because law enforcement and post office personnel did not know what conduct was in fact prohibited."   (Docket 19 at p. 11).

It is undisputed that a copy of the current regulation was not posted at the Main Branch of the Rapid City Post Office.   The only question remaining is

---

[3]A video camera from Officer Holt's patrol car captured this conversation. Exhibit 4.   During the encounter Postmaster Papka specifically reminded Ms. Helmerick that the two of them had spoken about these issues the day before. Id. at 12:35:00-12:35:50.

whether the notice given to Ms. Helmerick satisfied the purpose and intent of
§ 232.1.

Actual knowledge of a government regulation satisfies the posting
requirement for criminal prosecution purposes.   United States v. Davis, 339
F.3d 1223, 1228 (10th Cir. 2003).   While Poster 7's content is inconsistent with
the current language of § 232.1(h)(1), it is clear in the record that Ms. Helmerick
received a correct explanation of the regulation.   On more than one occasion
over the course of April 14 and 15, she was told that petition circulators could
solicit postal patrons to sign a petition, but the actual collection of the
customer's signature had to occur on the public sidewalk adjacent to the post
office.   Like the defendant in Davis, Ms. Helmerick received "verbal warnings
and correspondence" that her activities were illegal.   Id.

After reviewing Exhibits 2, 3 and 4, it is also clear that other petition
circulators understood the restrictions imposed and complied with the
regulations.   They asked postal patrons who agreed to sign the petition to walk
over to the public sidewalk to sign the petition.   Exhibits 2, 3 and 4.   It is also
clear from the record Ms. Helmerick knew the distinction between soliciting
signatures on post office property and collecting signatures on the adjacent
public sidewalk.   The record reflects Ms. Helmerick "had actual notice [her]
activities . . . could subject [her] to prosecution under the regulations."   Id.   "An
actual notice exception to the conspicuous posting requirement is in lock step

with fair notice and common sense."   <u>United States v. Bichsel</u>, 395 F.3d 1053, 1057 (9th Cir. 2005).

The court finds the magistrate judge properly denied Ms. Helmerick's Rule 29 motion.   <u>Nolen</u>, <u>supra</u>; <u>Jones</u>, <u>supra</u>.   The court finds the essential elements of the offense were proven beyond a reasonable doubt.   <u>Rojas</u>, 356 F.3d at 878. The court finds Ms. Helmerick's conviction and the fine assessed were not imposed in violation of the law.   18 U.S.C. § 3742(e)(1).

## ORDER

Based on the analysis above, it is

ORDERED that the defendant's appeal (Docket 1) is denied.

IT IS FURTHER ORDERED that the judgment entered by Magistrate Judge Daneta Wollmann (Docket 1-1) is affirmed.

Dated August 15, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE

9